IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULE DOTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07 C 5648 |
| | ) | |
| CHICAGO POLICE OFFICERS J. PENTIMONE, Star #6054, P. ARPAIA, Star # 1510, R. FRANKS, Star # 15935, N. EVANGELIDES, Star $6390, M. FLORES, Star #3037, J. RIVERA, Star #19099, B. SRUSITH, Star # 7575, M. DOBEK, Star # 18876, J. LOPEZ, Star # 17836, P. MEAGHER, Star #8762, and the CITY OF CHICAGO, | ) ) ) ) ) ) ) ) ) ) | Judge Kocoras  Magistrate Judge Keys |
| Defendants. | ) | **JURY DEMANDED** |

## SECOND AMENDED COMPLAINT

NOW COMES the plaintiff, JULE DOTSON, through his attorney, Jared S. Kosoglad, and complaining of the defendants CHICAGO POLICE OFFICERS J. PENTIMONE, Star #6054, P. ARPAIA, Star #1510, R. FRANKS, Star #15935, N. EVANGELIDES, Star #6390, and M. FLORES, Star #3037, J. RIVERA, Star #19099, B. SRUSITH, Star # 7575, M. DOBEK, Star # 18876, J. LOPEZ, Star #17836, P. MEAGHER, Star # 8762, and the CITY OF CHICAGO, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act,

42 U.S.C., § 1983; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

## PARTIES

3.    Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

4.    Defendants, CHICAGO POLICE OFFICERS J. PENTIMONE, Star #6054, P. ARPAIA, Star #1510, R. FRANKS, Star #15935, N. EVANGELIDES, Star #6390, M. FLORES, Star #3037, J. RIVERA, Star #19099, B. SRUSITH, Star # 7575, M. DOBEK, Star # 18876, J. LOPEZ, Star #17836, and P. MEAGHER, Star # 8762, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5.    Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

## FACTS

6.    On April 20, 2007, Plaintiff was walking home when Defendant Officers stopped him and asked him about a murder.

7.    When Plaintiff stated that he had no knowledge of a murder, Defendant Officers, without probable cause or any other legal basis, unlawfully searched and arrested Plaintiff.

8.    Defendant Officers failed to answer when Plaintiff asked why he was being arrested.

9.    Defendant Officers then transported Plaintiff to 25th District police station where they questioned him for hours about a murder.

10. Defendant Officers, without probable cause or any other legal basis, then strip searched Plaintiff and kept him in a holding room for many hours.

11. Defendant Officers then charged Plaintiff with a drug charge without probable cause or any other legal basis in knowing violation of Plaintiff's rights.

12. On April 20, 2007, Defendants Pentimone, Arpaia, Franks, Evangelides, Flores, Rivera, Srusith, Dobek, Lopez, and Meagher, conspired and agreed amongst themselves to illegally arrest, search and imprison Plaintiff based upon fraudulent charges. In furtherance of this conspiracy, Defendants filled out and filed false and incomplete police reports relative to the arrest, search and imprisonment of Plaintiff. Defendants also bore false witness at Plaintiff's criminal trial and perjured themselves under oath in the Circuit Court of Cook County.

13. The criminal charges against Plaintiff were dismissed after a jury discredited the Defendants' version of events and found Plaintiff not guilty of all charges in a manner indicative of Plaintiff's innocence. After approximately two years in custody, Plaintiff was freed.

14. As a direct and proximate result of the malicious actions of the co-conspirators, Plaintiff was injured, including loss of freedom, invasion of privacy, humiliation, the deprivation of his constitutional rights and dignity, lost time, lost property, lost wages, extreme emotional distress, psychological injuries, loss of relationships, panic and anxiety attacks, and extreme emotional distress.

## Count I

### Section 1983 Fourth Amendment Violations —Illegal Search and Seizures

15. Plaintiff realleges paragraphs 1 through 14 above, as if fully set forth here.

16. The searches and seizures of Plaintiff, performed willfully and wantonly by the Officer Defendants, as detailed above, individually and in conspiracy with each other, were in

violation of plaintiff's rights to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

17. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

18. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully throughout this Complaint and was tacitly ratified by policy-makers for the City of Chicago with final policymaking authority.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## Count II

**42 U.S.C. Section 1983 – Conspiracy to Deprive Constitutional Rights**

19. Plaintiff realleges paragraphs 1 through 14 above, as if fully set forth here.

20. As described more fully above, the Defendants reached an agreement amongst themselves to unlawfully search and seize Plaintiff, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

21. In this manner, the Defendant Officers, acting in concert with other unknown co-conspirators, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

22.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

23.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, severe emotional distress and anguish, an invasion of his privacy, and a deprivation of his liberty, as is more fully alleged above.

24.    The misconduct described in this Count was undertaken with malice, willfullness, and reckless indifference to the rights of plaintiff and others.

25.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully throughout this Complaint and was tacitly ratified by policy-makers for the City of Chicago with final policymaking authority.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## Count III

### 42 U.S.C. Section 1983 – Failure to Intervene

26.    Plaintiff realleges paragraphs 1 through 14 above, as if fully set forth here.

27.    In the manner described throughout this Complaint, during the constitutional violations described herein, one or more of the Defendants stood by without intervening to prevent the misconduct.

28.    As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered financial damage, as well as emotional distress,

and a deprivation of his liberty, as is more fully described throughout this Complaint.

29. The misconduct described in this Count was undertaken with malice, willfullness, and reckless indifference to the rights of plaintiff and others.

30. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully herein.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## Count IV

### 42 U.S.C. Section 1983 - False Imprisonment

31. Plaintiff realleges paragraphs 1 through 14 above, as if fully set forth here.

32. The actions of the individual defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiffs without probably cause or any other justification, constituted deliberate indifference to plaintiffs' rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

33. As a direct and proximate result of these Constitutional violations, plaintiff was caused to suffer great pain, anguish, despair, loss of his liberty, emotional and psychological injuries, fear, exposure to public scandal and disgrace, and the loss of his constitutional rights and his dignity.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## Count V

### 42 U.S.C. Section 1983 – Due Process

34. Plaintiff realleges paragraphs 1 through 14 above, as if fully set forth here.

35. By participating in the conspiracy and acting as described above, the individual officers withheld material exculpatory information from the prosecutors and the Court, thus prolonging the criminal prosecution of Mr. Dotson, prolonging his detention, and forcing Mr. Dotson to face trial without the benefit of material exculpatory evidence, thus violating Mr. Dotson's right to due process under the Fourteenth Amendment.

36. As a direct and proximate result of these Constitutional violations, plaintiff was caused to suffer great pain, anguish, despair, loss of his liberty, emotional and psychological injuries, fear, exposure to public scandal and disgrace, and the loss of his constitutional rights and his dignity.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## Count VI

### 745 ILCS 10/9-102 - Indemnification

37. Plaintiff realleges paragraphs 1 through 14 above, as if fully set forth here.

38. Defendant City of Chicago is the employer of Defendants Pentimone, Arpaia, Franks, Evangelides, Flores, Rivera, Srusith, Dobek, Lopez, and Meagher.

39. Defendants Pentimone, Arpaia, Franks, Evangelides, Flores, Rivera, Srusith, Dobek, Lopez, and Meagher committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should Defendants Pentimone, Arpaia, Franks, Evangelides, Flores, Rivera, Srusith, Dobek, Lopez, or Meagher be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

## Count VII

### State Law False Arrest

37. Plaintiff realleges paragraphs 1 through 14 above, as if fully set forth here.
38. By the actions detailed above, and by participating in the above described conspiracy, the Defendant Officers knowingly sought to and did in fact arrest Mr. Dotson on false charges for which they knew there was no probable cause.
39. The City is sued in this count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of their employment.
40. As a direct and proximate result of the false arrest, Mr. Dotson was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, pain and anguish.

WHEREFORE, Plaintiff demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages, and further demands judgment against the

individual defendants, jointly and severally, for punitive damages, and further demands attorneys' fees and the costs of this action, and for such other relief as this court deems just proper and equitable.

## Count VIII

### State Law Malicious Prosecution

41. Plaintiff realleges paragraphs 1 through 14 above, as if fully set forth here.

42. By the actions detailed above, and by participating in the above described conspiracy, the individual Defendants knowingly sought to and did in fact maliciously prosecute Mr. Dotson on false charges for which they knew there was no probable cause.

43. The City is sued in this count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of their employment.

44. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, attorneys' fees, lost work, exposure to public scandal and disgrace, damage to their reputation, mental and emotional suffering, humiliation and anguish.

## Count IX

### State Law Intentional Infliction of Emotional Distress

45. Plaintiff realleges paragraphs 1 through 14 above, as if fully set forth here.

46. The above detailed conduct by the Defendant Officers was extreme and outrageous exceeding all bounds of human decency.

47. Defendants performed the acts detailed above with the intent of inflicting severe emotional

distress on the Plaintiff or with knowledge of the high probability that the conduct would cause such distress.

48. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, fear and flashbacks.

49. The City is sued in this count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of their employment.

WHEREFORE, Plaintiff demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages, and further demands judgment against the individual defendants, jointly and severally, for punitive damages, and further demands attorneys' fees and the costs of this action, and for such other relief as this court deems just proper and equitable.

Respectfully submitted,

JULE DOTSON

By:

    /s    Jared S. Kosoglad
One of Plaintiff's Attorneys

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Jared S. Kosoglad
Civil Rights Center, P.C.
4554 N. Broadway, Suite 325
Chicago, IL 60640

773.907.0940